IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VERONICA LOREDO, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| JONESTOWN POLICE | § | A-25-CV-1511-RP-ML |
| DEPARTMENT, OFFICER | § | |
| WEINENGER, OFFICER HALL, | § | |
| Defendants. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.    REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

1

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending that Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

II.     REVIEW OF THE MERITS OF THE CLAIM

A.      Applicable Law

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable

shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

  **B.**  **Analysis**

  Pro se Plaintiff Veronica Loredo brings suit against the Jonestown Police Department ("JPD") and Officers Weinenger[1] and Hall. Dkt. 1 (Compl.). She asserts she was issued a criminal trespass warning despite her entry onto the relevant property being lawful, but sometime later she was later told by Officer Weinenger she could enter the property. *Id*. at 4. She also alleges Officer Weinenger, JPD, and the local water company colluded against her. *Id*. Plaintiff alleges Officer Hall attempted to enter her residence without a warrant and subsequently filed a report that was used to obtain a warrant against her. *Id*. She was arrested four days later. *Id*. Plaintiff states she was jailed for two weeks, now faces criminal charges, wears an ankle monitor and is restricted by a curfew. *Id*. at 5. She also alleges that she reported misconduct by others to Officer Weinenger, but no action has been taken. *Id*.

  Under § 1983, she asserts claims for unlawful search and seizure, due process violations, first amendment violations, "entrapment by estoppel," and "conspiracy/collusion." *Id*. at 6. She also asserts state law claims of "[c]onversion, theft, negligence, intentional infliction of emotion distress, and property damage." *Id*. at 6-7.

  The facts Plaintiff pleaded to support her § 1983 claims all center around her arrest and the charges brought against her. However, a claim for detention based on the wrongful institution of legal process does not ripen until the criminal prosecution ends in the plaintiff's favor. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). Similarly, a malicious prosecution claim

---

[1] Plaintiff spells this name as Weinenger and Weininger in her Complaint. For consistency, the court will use Weinenger.

3

also requires the prior criminal proceedings be terminated in the civil suit's plaintiff's favor. *Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024). Here, Plaintiff alleges the charges are still pending. Compl. at 5.

To the extent Plaintiff alleges a due process violation, she has not alleged any facts to support this claim. She concedes her arrest was based on a warrant; and she does not allege any facts to suggest she is not receiving due process in the underlying criminal matter. Similarly, Plaintiff has not pleaded any facts to support her assertion that Defendants have violated her first amendment rights by preventing her from petitioning for her property or filing grievances.

Plaintiff's federal claims are frivolous at this time, and she has stated no basis for the court to exercise independent subject matter jurisdiction over her state-law claims. Accordingly, the undersigned will recommend her claims be dismissed.

### III.  ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Judge **RECOMMENDS** the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be **CANCELED**.

### IV.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED September 25, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE